# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CIPRIANO SOLIS BELTRAN, | ) | 1:06-cv-00068-LJO-TAG HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATIONS |
| vs. | ) ) | THAT PETITION BE DISMISSED FOR PETITIONER'S FAILURE TO PROSECUTE |
| | ) | (Doc. 1) |
| DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTION, | ) ) | ORDER REQUIRING OBJECTIONS TO BE |
| et al., | ) | FILED WITHIN FIFTEEN DAYS |
| Respondents. | ) ) ) | |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　On June 5, 2006, Petitioner notified the Court of his change of address to the Eloy Detention Center in Eloy, Arizona. (Doc. 12). In his notice, Petitioner indicated that he was being detained by "immigration" authorities and was awaiting a hearing to determine whether he would remain in the United States. (Id.). On February 22, 2007, the Court sent Petitioner an order reassigning his case, to the Eloy, Arizona address. (Doc. 13). On March 12, 2007, the U.S. Postal Service returned the order as undeliverable with the notation "Wrong Prisoner ID." (Doc. 14). The Court re-sent the order to Petitioner on March 14, 2007, but on March 26, 2007, the order was again returned by the U.S. Postal Service as undeliverable with the added notation "Refused." (See docket entry 14, Doc. 15).

　　　Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides:

///

>A party, appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a [petitioner] in propria persona by the Clerk is returned by the U.S. Postal Service, and if such [petitioner] fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty days have passed since Petitioner's mail was returned and he has not notified the Court of a current address.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since January 11, 2006. (Doc. 1).  The Court cannot hold this case in abeyance indefinitely awaiting compliance by Petitioner.  The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,

1  given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that the instant Petition for Writ of Habeas Corpus (Doc. 1), be dismissed for Petitioner's failure to prosecute.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court for the Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 14, 2007**                    /s/ Theresa A. Goldner
                                          UNITED STATES MAGISTRATE JUDGE